# EXHIBIT D



Ryan.Leuthauser@hwhlaw.com
813.222.3108
101 E. Kennedy Blvd., Suite 3700
Tampa, FL 33602

March 29, 2024

**Via email**
Mark. J. Neuberger
Foley & Lardner LLP
2 South Biscayne Boulevard
Suite 1900
Miami, FL  33131
mneuberger@foley.com

Re:   Response to Urgent Legal Notice Concerning Your Employment with Slate Rx sent to Angela Khan

Dear Mr. Neuberger,

Our firm represents Ms. Angela Khan[1] and we write to respond to the March 22, 2024 letter you sent to her and the letter you suggest you sent to Slate Rx's in-house attorney, Jennilyn Nevins. To be clear at the outset, Ms. Khan has not and does not intend to violate her Agreement[2] with Capital Rx, and her employment with Slate Rx constitutes neither a breach of her Agreement with Capital Rx nor tortious interference with that Agreement by Slate Rx. Instead, for the reasons we will explain below, any effort or threatened effort by Capital Rx to enforce the restrictive covenants contained in its Agreement with Ms. Khan—including with the letters you sent—may itself constitute tortious interference with Ms. Khan's business relationship with Slate Rx.

We have reviewed and provided counsel about your letter, the Agreement, and information material to analyzing Ms. Khan's former employment with Capital Rx and her current employment with Slate Rx vis-à-vis the restrictive covenants contained in the Agreement.

In her role as Vice President of PBA Client Services at Capital Rx, Ms. Khan managed the client account teams that serviced health plans, third party administrators (TPA), copay cards and pharmacy benefit administration (PBA) clients. She trained and developed the client teams, focused on operational efficiencies and processes, and had limited direct client contact.

---

[1] Angela Cousineau was her maiden name.
[2] For brevity, "Agreement" refers to the Employee Non-Disclosure and Invention Assignment Agreement between Ms. Khan and Capital Rx, e-signed on July 11, 2020.

Response to Urgent Legal Notice Concerning Your Employment with Slate Rx sent to Angela Khan
March 29, 2024
Page 2 of 4

In contrast, as AVP, Business Development at Slate Rx, Ms. Khan has an individual contributor role, focused on nurturing and growing channel partner relationships. Slate Rx does not offer an administration platform and solely services commercial groups, so Ms. Khan has no reason to and will not divert or interfere with any of Capital Rx's relationships with its customers, clients, or other business partners. Likewise, Ms. Khan has not and will not solicit or recruit any employee of Capital Rx.

Your letter suggests an investigation revealed that prior to resigning from Capital Rx, Ms. Khan "downloaded a significant amount of data from Capital Rx's computer system and documents in your possession and control remain unaccounted for." Any data Ms. Khan downloaded would have been to her Capital Rx laptop, which she returned to the company upon her resignation. Ms. Khan has reviewed her personal Gmail account for any items sent from her acousineau@cap-rx.com email account prior to resigning, and identified only the following:

February 4, 2021:
- 1 email with a PDF of the February 3, 2021 Capital Rx Offer Letter Amendment attached for her promotion to Senior Director, Client Operations.

November 14, 2022:
- 1 email with a Word document titled *Benefit Review Playbook* attached.

September 5 and 9, 2023:
- 1 email attaching her wedding entertainment contract and 1 email with notes for her wedding.

December 3, 2022, February 2, March 1, and March 2, 2023
- Automatic replies (Out of Office) to emails sent from her Gmail account attaching receipts for expense reports.

January 10, 2024:
- 2 emails with codes to redeem massage purchases;
- 1 email with 3 attachments: (1) a PDF of the December 2023 version of her resume; (2) a Word document of the December 2023 version of her resume; and (3) a Word document of the April 2023 version of her resume;
- 1 email with an Excel wordbook attached detailing guests to her wedding to send thank-you notes to; and
- 1 email detailing the food and beverage menu for her wedding.

Response to Urgent Legal Notice Concerning Your Employment with Slate Rx sent to Angela Khan
March 29, 2024
Page 3 of 4

January 12, 2024:
- 1 email with 6 attachments: (1) a PDF of the Carta™ Electronic Payment Authorization; (2) a PDF of the Capital Rx, Inc. 2019 Equity Incentive Plan; (3) a PDF version of Exhibit A to the 2019 Equity Incentive Plan – Exercise Notice (unexecuted); (4) a PDF of the Capital RX, Inc. 2019 Equity Incentive Plan – Stock Option Agreement (unexecuted); (5) a PDF of a McKinsey article titled *Brokers Weigh In on Prescription Drug Benefits*; and (6) a Word document titled *PBA Client Services Playbook*.

As is evident from this list, the vast majority of these materials are of a personal nature and not Capital Rx property and/or do not meet the definition of Confidential Information under Section 2 of the Agreement. As for the *Benefit Review Playbook* and the final item, the *PBA Client Services Playbook*, Ms. Khan believes she emailed these documents to her Gmail account to work on them at home, the latter she believes because she had to finish it before her last day at Capital Rx. In any event, these two items are of no use to her except for her former job with Capital Rx, she has not and will not disclose or use them in any way with Slate Rx or otherwise, and she has removed them from her possession and control. To that end, Ms. Khan has executed and had notarized, and enclosed, is Exhibit 2.3 – Form of Acknowledgement to the Agreement. If Capital Rx would like to review the materials detailed above, Ms. Khan is happy to have our firm share them. And if Capital Rx is aware of any other Capital Rx property or Confidential Information that Ms. Khan is improperly in possession or control of, please let me know immediately.

As Capital Rx is aware, New York law prohibits enforcement of restrictive covenants that are greater than required to protect a legitimate business interest of the employer and that impose undue hardship on the employee. Capital Rx has not and cannot claim—because Ms. Khan has not and will not take—any action that would infringe upon any such legitimate business interest that Capital Rx may possess. For the avoidance of doubt, Ms. Khan has not and will not, directly or indirectly, divulge, disclose, use, or cause to be used any Confidential Information, as defined by Section 2 of the Agreement, including in competition with Capital Rx. Given that Ms. Khan has not and will not interfere with any of Capital Rx's relationships with customers, clients, business partners, or employees, and has not and will not retain, disclose, or use any of Capital Rx's Confidential Information, there can be no legitimate business interest justifying enforcement of the Agreement's restrictive covenants against Ms. Khan. And Ms. Khan has not received any extraordinary or specialized training from Capital Rx that she will use for the benefit of Slate Rx.

Because the restrictive covenants in the Agreement are unenforceable against Ms. Khan, any effort by Capital Rx to enforce them, beginning with the letters sent to her

Response to Urgent Legal Notice Concerning Your Employment with Slate Rx sent to Angela Khan
March 29, 2024
Page 4 of 4

and Slate Rx, may tortiously interfere with their business relationship under New York law—regardless of what Section 5.3 of the Agreement attempts to accomplish. For these reasons, we request Capital Rx to formally withdraw the letters sent to Ms. Khan and Slate Rx and refrain from any further action that may tortiously interfere with their business relationship.

We hope that a review of this letter and applicable New York law will resolve any concerns Capital Rx may have. Ms. Khan enjoyed her time with Capital Rx, she is proud of the work she performed and the relationships she built there, and she remains a supporter of the company. Indeed, as your letter to Ms. Khan mentions, she has equity interests in Capital Rx through its 2019 Equity Incentive Plan. She has no intention of doing anything that would harm Capital Rx, that would undermine the value of her equity interests in Capital Rx, and that would cause Capital Rx to repurchase those interests. In short, Ms. Khan believes she left Capital Rx on excellent terms and wishes to reassure Capital Rx that the concerns articulated by your letter are unfounded. To that end, if further discussion would helpful, please do not hesitate to contact me.

Sincerely,

Ryan J. Leuthauser

## Exhibit 2.3 FORM OF ACKNOWLEDGEMENT

My employment with Capital Rx, Inc. (the "Company") is now terminated. I have reviewed my Non-Disclosure and Invention Assignment Agreement with the Company, dated ___July___ 11___, 2020 (the "Agreement"), and I swear, under oath, that:

- I have complied and will continue to comply with all of the provisions of the Agreement.

- I understand that all of the Company's materials (including without limitation, written or printed documents, email and computer disks or tapes, whether machine or user readable, computer memory, and other information reduced to any recorded format or medium), whether or not they contain Confidential Information (as that phrase is defined in the Agreement), are and remain the property of the Company. I have delivered to authorized Company personnel, or have destroyed, all of those documents and all other Company materials in my possession.

_____
Signature

_____Angela  Khan_____
Name (please print)

_____801  NE  72nd  st._____

_____Miami, FL  33138.____
Address

STATE OF _____Florida_____ )
                                              )ss.:
COUNTY OF __Miami-dade__ )

BE IT REMEMBERED, that on this _____28th_____ day of __March__, 2024 before me, the subscriber, a notary public of the State of ___Florida___, personally appeared __Angela  Khan__, who being by me duly sworn on his oath, deposed and made proof to my satisfaction that (s)he is the person named in the within instrument, to whom I first made known the contents thereof, and thereupon (s)he acknowledged that (s)he signed, sealed, and delivered the same as his/her voluntary act and deed for the uses and purposes therein expressed.

_____
[SEAL]                                         Notary Public



ELIAS MANUEL
FERNANDEZ GIRALT
Notary Public - State of Florida
Commission # HH 463200
My Comm. Expires Nov 12, 2027
Bonded through National Notary Assn.

{00916193.DOCX;1 }11